IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-51,612-02 and WR-51,612-03




 

EX PARTE VIRGILIO MALDONADO


 




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NOS. 721568-B and 721568-C IN THE 338
TH DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of Texas
Code of Criminal Procedure article 11.071.

 In October 1997, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death. This Court affirmed. Maldonado v.
State, 998 S.W.2d 239 (Tex. Crim. App. 1999). The Court also denied applicant relief on the
four claims he raised in his initial writ application. Ex parte Maldonado, No. WR-51,612-01
(Tex. Crim. App. Mar. 6, 2002).

 Applicant presented three allegations in his first subsequent application. In his first
claim, applicant asserted that his execution would violate the United States Supreme Court's
opinion in Atkins v. Virginia, 536 U.S. 304 (2002), because he is mentally retarded. In his
second claim, applicant asserted that the admission at trial of his tape recorded statement
violated the Fifth Amendment. And in his third claim, applicant asserted that he was denied his
Sixth Amendment right to the effective assistance of counsel. By written order dated July 2,
2003, applicant's second and third claims were dismissed and his first claim was remanded to
the trial court for consideration. 

 On remand, the trial court conducted a live hearing, after which it entered findings of
fact and conclusions of law recommending that relief be denied on applicant's claim. This
Court has reviewed the record. We adopt the trial judge's findings and conclusions. Based
upon the trial court's findings and conclusions and our own review, the relief sought is denied.

 On April 21, 2005, this Court received applicant's second subsequent application in
which he asserted that his rights under the Vienna Convention were violated. This Court
reviewed applicant's second subsequent application under Article 11.071 § 5, and concluded
that it failed to meet one of the exceptions provided for in the statute. Applicant's second
subsequent application is dismissed. See Ex parte Medellin, S.W.3d , No. AP-75,207
(Tex. Crim. App. Nov. 15, 2006). 

 IT IS SO ORDERED THIS THE 12TH DAY OF SEPTEMBER, 2007.

Do Not Publish